IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

GREGORY KEITH CEGIELSKI,

                Defendant.

REPORT AND
RECOMMENDATION

09-cr-88-lsa

_____

## REPORT

The grand jury has charged defendant Gregory Keith Cegielski with knowingly and unlawfully possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §922(g)(9). Before the court is Cegielski's motion to dismiss the indictment on the ground that the charging statute violates his rights under the Second Amendment to the Constitution. *See* dkt. 13. Cegielski acknowledges that the Seventh Circuit rejected this argument in *Gillespie v. City of Indianapolis*, 185 F.3d 693, 710-12 (7th Cir. 1999) and *United States v. Price*, 328 F.3d 958, 961 (7th Cir. 2003), but notes that the court is revisiting this issue in the pending case of *United States v. Skoien*, Case No. 08-3770 as part of a search for the Second Amendment's contours following *District of Columbia v. Heller*, ___ U.S. ___, 128 S.Ct. 2783, 2797 (2008).[1] Cegielski simply wants to preserve the issue in the event the law changes in his favor.

The government has responded with a brief that incorporates the Department of Justice's position on the constitutionality of § 922(g)(9), which prompted a substantive reply from Cegielski. *See* dkts. 15 & 18. The court acknowledges receipt of both briefs but declines to weigh in substantively on this issue at this time in light of the circuit court's

---

[1] The court of appeals heard oral argument in *Skoien* on April 6, 2009; as of October 23, 2009, the court had not issued its opinion.

imminent ruling in *United States v. Skoien. See, e.g., United States v. Booker*, 115 F.3d 442, 444 (7th Cir. 1997) (in a hierarchical judiciary, a district court should not contravene settled circuit law).

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and for the reasons stated above, I recommend that this court deny defendant Gregory Keith Cegielski's motion to dismiss the indictment.

Entered this 23rd day of October, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of  
STEPHEN L. CROCKER  
U.S. Magistrate Judge

Telephone  
(608) 264-5153

October 23, 2009

Peter M. Jarosz  
Assistant United States Attorney  
660 West Washington Avenue, Ste. 303  
Madison, WI 53703

Michael Lieberman  
Federal Defender Services of Wisconsin, Inc.  
222 West Washington Avenue, Ste. 300  
Madison , WI 53703

Re:  United States v. Gregory Keith Cegielski  
Case No. 09-cr-88-lsa

Dear Counsel:

The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

In accordance with the provisions set forth in the memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before November 2, 2009, by filing a memorandum with the court with a copy to opposing counsel.

If no memorandum is received by November 2, 2009, the court will proceed to consider the magistrate judge's Report and Recommendation.

Sincerely,

/s/

Connie A. Korth  
Secretary to Magistrate Judge Crocker

Enclosures  
cc: Honorable Lynn S. Adelman, District Judge

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

    (1) injunctive relief;

    (2) judgment on the pleadings;

    (3) summary judgment;

    (4) to dismiss or quash an indictment or information;

    (5) to suppress evidence in a criminal case;

    (6) to dismiss or to permit maintenance of a class action;

    (7) to dismiss for failure to state a claim upon which relief can be granted;

    (8) to dismiss actions involuntarily; and

    (9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation. Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections. An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection. Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects. The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection. The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions. The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.** *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).