# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                               **Case No. 09-CR-88**

**GREGORY CEGIELSKI**
        **Defendant.**

## DECISION AND ORDER

Defendant Gregory Cegielski, charged with possessing a firearm and ammunition following a conviction for a misdemeanor crime of domestic violence, contrary to 18 U.S.C. § 922(g)(9), moved to dismiss the indictment on the grounds that § 922(g)(9) violates the Second Amendment. The magistrate judge conducting pre-trial proceedings in this case issued a recommendation that the motion be denied, to which defendant timely objects. My review is de novo. Fed. R. Crim. P. 59(b)(3).

As defendant concedes, the Seventh Circuit has upheld § 922(g)(9) against a Second Amendment challenge. See Gillespie v. City of Indianapolis, 185 F.3d 693 (7th Cir. 1999). However, defendant contends that District of Columbia v. Heller, 128 S. Ct. 2783 (2008), requires a different result. Heller declared an individual right to possess firearms for self-defense in the home. The case did not hold that restrictions on firearm possession such as § 922(g)(9) violate the Constitution. District courts must, absent a clear change in the law by the Supreme Court, continue to follow circuit precedent.[1] Further, for the reasons set forth fully in

---

[1] Defendant notes that pending before the Seventh Circuit is a case, United States v. Skoien, concerning whether § 922(g)(9) violates the Second Amendment in light of Heller. He states that he brings this motion to preserve the issue should the court of appeals rule for the

United States v. Luedtke, 589 F. Supp. 2d 1018 (E.D. Wis. 2008), I believe that §§ 922(g)(8) & (9) survive Heller.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (R. 13) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

defendant in that case.